```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

TARSHA AMBEAU                                              PLAINTIFF

VS.                                CIVIL ACTION NO. 3:13CV208TSL-JMR

JEFFERSON COMPREHENSIVE HEALTH CENTER
INC., JEFFERSON COMPREHENSIVE HEALTH
CENTER INC. BOARD, COLUMBIA CASUALTY
COMPANY, AMFED NATIONAL INSURANCE COMPANY                 DEFENDANTS

MEMORANDUM OPINION AND ORDER

Plaintiff Tarsha Ambeau has filed in this cause a "Petition for Amendment of Motion of Dismissal and Entry of Motion for Continuance" by which she seeks relief from this court's May 31, 2013 order granting the motion of defendant Columbia Casualty Company to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and the court's May 14, 2013 order granting defendant AmFed National Insurance Company's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] In this petition for relief, Ambeau, who is proceeding *pro se*, suggests that she failed to respond to the motions, in part, because defendants and the court failed to inform her of the due date for a response to the motions. She further suggests that she was unable to adequately respond to the motions due to the need

---

[1] In this motion, Ambeau also requests that the name of Jefferson Comprehensive Health Center be corrected to state its correct legal name, Jefferson Comprehensive Health Center, Inc. This request is not opposed and will be granted.

for certain discovery responses from defendants; and in this regard, she submits that the court should exercise its discretion pursuant to Rule 56(f) to extend the time for plaintiff's response to Columbia Casualty's summary judgment motion and to AmFed's motion to dismiss.  Plaintiff's request for relief is not well taken.[2]

The Fifth Circuit has held many times that a litigant's *pro se* status does not excuse her for lack of knowledge of the Rules of Civil Procedure.  See, e.g., Thrasher v. City of Amarillo, 709 F.3d 509, 512 (5th Cir. 2013); see also United States v. Wilkes, 20 F.3d 651, 653 (5th Cir.1994) ("[W]hile we construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure."). Neither defendants nor the court were required to advise plaintiff as to the dates on which her responses to defendants' motions would be due; rather it was plaintiff's responsibility to ascertain this information.  Cf. Whiting v. Kelly, 255 Fed. Appx. 896, 899-900, 2007 WL 4180592, 2 (5th Cir. 2007) (holding that "particularized additional notice of the potential consequences of a summary judgment motion and the right to submit opposing affidavits need not be afforded a pro se litigant.  The notice

---

[2] Ambeau has filed a separate "Motion for Continuance and Amendment of Initial Complaint/Name Change" which seeks the same relief as her "Petition for Amendment of Motion of Dismissal and Entry of Motion for Continuance."  Both motions will be denied.

afforded by the Rules of Civil Procedure and the local rules [is] ... sufficient.") (citing Martin v. Harrison County Jail, 975 F.2d 192, 193 (5th Cir. 1992)).

Plaintiff's further argument, that she was unable to adequately respond to defendants' motions because she lacked certain discovery responses, can relate only to her request for relief from the court's order granting summary judgment to AmFed, since Rule 56(d), upon which plaintiff relies,[3] does not apply to a motion to dismiss under Rule 12(b)(6).  As it relates to AmFed's summary judgment motion, her argument is without merit.  The Fifth Circuit stated that it is "not generally inclined to impose a literal interpretation of Rule 56(f) upon *pro se* litigants[,]" Joseph v. City of Dallas, 277 Fed. Appx. 436, 443, 2008 WL 1976619, 8 (5th Cir. 2008) (citing Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1266-67 (5th Cir. 1991) (noting that courts are willing to accept something less than a formal Rule 56(f) request from litigants); "[h]owever, at a minimum, a party must show: (1) why he needs additional discovery; and (2) how that discovery would create a fact issue that would defeat summary judgment[,]" id. at 444 (citing Stearns Airport Equip. Co. v. FMC

---

[3] Although she cites to Rule 56(f), Rule 56(d), which was amended in 2010, contains substantially the same provisions of former Rule 56(f).  See Fed. R. Civ. P. 56 advisory committee notes.

Corp., 170 F.3d 518, 535 (5th Cir. 1999)).  If Ambeau needed more discovery in order to adequately respond to AmFed's motion for summary judgment, it was up to her to move for a continuance pursuant to Rule 56(d), see id.; and the time for doing so was before the time her response would otherwise have been due.  Even now, she does not suggest why she would need  additional discovery and how that discovery would create a fact issue that would have defeated AmFed's motion.

For all of these reasons, it is ordered that Ambeau's "Petition for Amendment of Motion of Dismissal and Entry of Motion for Continuance, is denied.  It is further ordered that the motion to change the name of Jefferson Community Health Center to Jefferson Community Health Center Inc. is granted.

SO ORDERED this 26th day of August, 2013.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE