```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

TARSHA AMBEAU                                              PLAINTIFF

VS.                                CIVIL ACTION NO. 3:13CV208TSL-JMR

JEFFERSON COMPREHENSIVE HEALTH CENTER,
INC., JEFFERSON COMPREHENSIVE HEALTH
CENTER BOARD, COLUMBIA CASUALTY
COMPANY, AMFED NATIONAL INSURANCE COMPANY                 DEFENDANTS

                    MEMORANDUM OPINION AND ORDER

    This cause is before the court on the motion of purported defendants Jefferson Comprehensive Health Center, Inc. and the Board of Directors of Jefferson Comprehensive Health Center, Inc. (collectively JCHC), to dismiss for insufficiency of process and service of process.  Plaintiff Tarsha Ambeau has not responded to the motion.  The court, having considered the motion and accompanying memorandum of authorities, concludes that the motion is well taken and should be granted.

    Plaintiff Tarsha Ambeau filed her complaint in this cause against JCHC and others on April 8, 2013 complaining of alleged race, sex and national origin discrimination and retaliation.  On April 10, 2013, Ambeau attempted to serve process on JCHC by sending copies of the summons and complaint to JCHC's executive director, Shirley Ellis-Stampley, via certified mail with a return receipt.  Ellis received the documents on April 11, 2013.

However, as JCHC correctly points out in its motion to dismiss, this was not a proper method of service on JCHC.

Federal Rule of Civil Procedure 4 provides that a corporation must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by following the dictates of applicable state law regarding service of an individual.  See Fed. R. Civ. P. 4(h)(1)(B); 4(e)(1); 12(b)(5).  Rule 4(d)(2) of the Federal Rules authorizes a plaintiff to mail the defendant a request to waive personal service along with an acknowledgment form; but if the defendant does not waive service of process by returning the acknowledgment form within the prescribed time, the plaintiff must then serve the defendant personally.  See Larson v. Mayo Med. Ctr., 218 F. 3d 863, 867-68 (8th Cir. 2000).  In this case, Ambeau did include with the summons and complaint mailed to Ellis-Stampley a request for waiver of personal service of process and she did not personally deliver a copy of the summons and complaint to any officer, managing or general agent or other agent authorized to receive service of process for JCHC.

Mississippi Rule of Civil Procedure Rule 4(d)(4) requires that service upon a "domestic or foreign corporation or upon a partnership or other unincorporated association" be made by "delivering a copy of the summons and of the complaint to an

2

officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive process." Rule 4(c)(3)(A) authorizes service on a corporate defendant "by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender."  "If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint may be made in any other manner permitted by this rule."  Id. at 4(c)(3)(B).  Ambeau did not send JCHC any copies of a notice and acknowledgement as required by this rule, and she did not personally serve this defendant.  Thus, service of process was not proper under state law.

JCHC contends the court should dismiss plaintiff's complaint for insufficient service of process.  The Fifth Circuit has held that a litigant's *pro se* status does not excuse her failure to effect service of process, Thrasher v. City of Amarillo, 709 F.3d 509, 512 (5th Cir. 2013), but it has also held that "'[*p]ro se* litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings[,]'" Lisson v. ING GROEP N.V., 262 Fed. Appx. 567, 571,

3

2007 WL 2962521, 4 (5th Cir. 2007) (quoting <u>Moore v. Agency for Int'l Development</u>, 994 F.2d 874, 876 (D.C. Cir. 1993)).

Federal Rule of Civil Procedure 4(m) provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff filed her complaint in this cause on April 8, 2013. Thus, at the time JCHC filed its motion to dismiss on July 12, the motion was premature as 120 days had not elapsed.  See <u>McGinnis v. Shalala</u>, 2 F.3d 548, 551 (5th Cir. 1993) (holding that "until that 120-day period has expired, any attempt to seek dismissal on the grounds of defective service clearly would be premature"). Indeed, plaintiff still had 26 days within which to effect service of process on JCHC.  Yet, despite being placed on notice by defendant's motion that her original attempt at service was ineffective, she failed either to attempt to make proper service on JCHC or to respond to the motion and defend her original attempt at service.  Under the circumstances, the court finds that dismissal is warranted.  See <u>Sys. Signs Supplies v. U.S. Dep't of Justice</u>, 903 F.2d 1011, 1013 (5th Cir. 1990) (finding no abuse of discretion in dismissal for insufficient service of process where

4

*pro se* plaintiff "had ample notice of a defect, but did not attempt correction within the statutory period").

Accordingly, it is ordered that the motion of JCHC to dismiss is granted.

A separate judgment will be entered in accordance with the Federal Rules of Civil Procedure.

SO ORDERED this 26th day of August, 2013.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE
